# EXHIBIT "A"

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM - 06/08/2022
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a Judge.

*Filed and Attested by the Office of Judicial Records 12 AUG 2021 09:08 am G. IMPERATO*

VAN DER VEEN, HARTSHORN & LEVIN
BY:   Michael T. van der Veen
      ID No. 75616
      1219 Spruce Street
      Philadelphia, PA 19107
      P: (215) 546-1000
      F: (215) 546-8529

ARBITRATION MATTER
ATTORNEY FOR PLAINTIFF

---

| | |
|---|---|
| **LESLIE RIVERA**<br>4227 N. Fairhill Street<br>Philadelphia, PA 19131<br><br>vs.<br><br>**UNITED STATES POSTAL SERVICE**<br>3190 S. 70th Street, Room 201<br>Philadelphia, PA 19153<br><br>**COLLEEN ADAMSKI**<br>c/o United States Postal Service<br>3190 S. 70th Street, Room 201<br>Philadelphia, PA 19153<br><br>and<br><br>**JOHN DOE**<br>c/o United States Postal Service<br>3190 S. 70th Street, Room 201<br>Philadelphia, PA 19153 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>AUGUST TERM, 2021<br><br>No._____ |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL AND INFORMATION SERVICE<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>Telephone: 215-238-6333 | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br>LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENDE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.<br><br>ASSOCIACION DE LICENCIADOS DE FILADELFIA<br>SERVICO DE REFERENCIA E INFORMACION LEGAL<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>Telefono: 215-238-6333 |

Case ID: 210801036

VAN DER VEEN, HARTSHORN & LEVIN
BY:   Michael T. van der Veen
      ID No. 75616
      1219 Spruce Street
      Philadelphia, PA 19107
      P: (215) 546-1000
      F: (215) 546-8529

**ARBITRATION MATTER**
**ATTORNEY FOR PLAINTIFF**

| | |
|---|---|
| **LESLIE RIVERA**<br>4227 N. Fairhill Street<br>Philadelphia, PA 19131<br><br>    vs.<br><br>**UNITED STATES POSTAL SERVICE**<br>3190 S. 70th Street, Room 201<br>Philadelphia, PA 19153<br><br>**COLLEEN ADAMSKI**<br>c/o United States Postal Service<br>3190 S. 70th Street, Room 201<br>Philadelphia, PA 19153<br><br>    and<br><br>**JOHN DOE**<br>c/o United States Postal Service<br>3190 S. 70th Street, Room 201<br>Philadelphia, PA 19153 | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**AUGUST TERM, 2021**<br><br><br>No._____ |

## COMPLAINT IN CIVIL ACTION
## 2V-MOTOR VEHICLE ACCIDENT

1.   Plaintiff Leslie Rivera is an adult individual residing at the address indicated above.

2.   Defendant United States Postal Service is a government entity with offices located at the address indicated above.

3.   Defendant Collen Adamski is an adult individual with an address as indicated above.

4.   Defendant John Doe, a fictitious name used to designate an unknown party, is averred to be an individual.

5. Pursuant to Pa. Rule Civ. Pro. 2005(b), the name of Defendant John Doe is unknown to the Plaintiff after having conducted a reasonable search with due diligence.

6. Pursuant to Pa. Rule Civ. Pro. 2005(b), Defendant John Doe's designation is averred to be fictitious.

7. Pursuant to Pa. Rule Civ. Pro. 2005(b), the factual description of Defendant John Doe is averred with sufficient particularity for identification. Pursuant to Pa. Rule Civ. Pro. 2005(b), Plaintiff avers that a reasonable search to determine the actual name of Defendant John Doe has been conducted. The caption will be amended in accordance with Pa. Rule Civ. Pro. 2005 upon learning the identity of Defendant John Doe.

8. At all times relevant and material hereto, Defendant United States Postal Service acted by and/or through their agents, servants, workmen, contractors and/or employees, and specifically Defendants Adamski and Doe, who were acting within the course and scope of their employment and their authority.

9. Defendant United States Postal Service is liable for the acts and omissions of their agents, servants, workmen, contractors and/or employees through the doctrines of vicarious liability and respondeat superior.

10. At all times relevant and material hereto, Plaintiff was the owner and/or operator of a motor vehicle (hereinafter "Plaintiff's vehicle").

11. At all times relevant and material hereto, Defendant Adamski and/or Doe was the operator of a motor vehicle, with permission, which was owned by Defendant United States Postal Service (hereinafter "Defendant's vehicle").

12. On November 6, 2019, Plaintiff's vehicle was traveling on J Street at or near its intersection with Pike Street in Philadelphia, Pennsylvania.

13. On the aforementioned date, while Plaintiff's vehicle was making a right turn onto Pike Street, Defendant's vehicle negligently exited from the spot where it was parked on Pike Street and struck Plaintiff's vehicle, causing Plaintiff to suffer serious bodily injury, as described below.

14. This accident resulted solely from the negligence and carelessness of the Defendants and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

15. The negligence and carelessness of Defendant Adamski and/or Doe consisted of the following:

   (a) failing to properly operate and control their motor vehicle by failing to maintain a safe distance from Plaintiff's vehicle;
   (b) driving at an excessive and unsafe rate of speed under the circumstances;
   (c) failing to maintain a proper and adequate lookout;
   (d) failing to give proper and sufficient warning of the approach of said motor vehicle;
   (e) failing to follow and observe traffic patterns and conditions;
   (f) failing to regard the rights, safety and lawful position of Plaintiff at the point aforesaid;
   (g) striking the Plaintiff's vehicle;
   (h) negligently exiting a parking space without regard for oncoming traffic;
   (i) negligently entering Plaintiff's lane of travel when it was not safe to do so;
   (j) making an improper and unsafe lane change;
   (k) driving while distracted; and
   (l) failing to properly and adequately maintain said motor vehicle.

16. The negligence and carelessness of Defendant United States Postal Service consisted of the following:

   (a) negligently entrusting the aforesaid bus to their agents, servants, workmen, contractors and/or employees;
   (b) permitting an inexperienced and incompetent person to operate Defendant's vehicle, who engaged in the conduct set forth hereinabove;
   (c) failing to properly train and supervise their agents, servants, workmen, contractors and/or employees;

Case ID: 210801036

    (d) failing to control the acts and conduct of its agents, servants, workmen, contractors and/or employees and instead acquiescing in their negligence and carelessness;

    (e) failing to properly maintain, operate and control Defendant's vehicle in order to ensure the health, safety and welfare of other persons, specifically Plaintiff; and

    (f) failing to properly and adequately maintain Defendant's vehicle.

17. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff was caused to suffer and sustain severe and debilitating personal injuries including, but not limited to: radiculopathy; musculoskeletal back pain; muscle strain; cervical spine sprain; thoracic spine sprain and lumbar spine sprain, all or some of which injuries are or will prove to be of a permanent nature and character, whereby Plaintiff has suffered, is suffering and will for an indefinite time into the future suffer, all to Plaintiff's great detriment and loss.

18. As a further result of the negligence and carelessness of the Defendants, Plaintiff has incurred and in the future will incur expenses for the treatment of her injuries, has been disabled and in the future will be disabled and not able to perform her usual functions, all to her detriment, financial and otherwise.

19. As a further direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has been obligated to receive and undergo medical attention and care for the injuries, to incur various expenses for said care and may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future, all to her detriment, financial and otherwise.

20. As a further direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff may suffer a loss of income and earning capacity in the future, all to her detriment, financial and otherwise.

Case ID: 210801036

21. As a further direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has been unable to attend to daily chores, duties and occupations and may be unable to do so for an indefinite time in the future, all to her detriment, financial and otherwise.

22. As a further direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has or may hereafter incur other financial expenses or losses to which she may otherwise be entitled to recover.

23. As a further direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has suffered physical pain, mental anguish, humiliation, inconveniences and loss of life's pleasures and may continue to suffer the same for an indefinite time in the future.

**WHEREFORE,** Plaintiff demands damages of Defendants in a sum not in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs and attorney's fees.

**VAN DER VEEN, HARTSHORN & LEVIN**

DATE: 8|12|2021       BY: _____
                          Michael T. van der Veen, Esquire
                          Attorney for Plaintiff

Case ID: 210801036

# VERIFICATION

I, _____Leslie Rivera_____, verify that I am the Plaintiff herein and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

I further understand that this statement is subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

Signed: _____[signature]_____          Dated: __8/12/2021__