**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LESLIE RIVERA,** <br> *Plaintiff,* <br><br> v. <br><br> **UNITED STATES POSTAL SERVICE, COLLEEN ADAMSKI, and JOHN DOE,** <br> *Defendants.* | **CIVIL ACTION NO. 2:22-cv-02958-MMB** |

## MEMORANDUM RE DEFENDANTS' MOTION TO SUBSTITUTE THE UNITED STATES AND MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

BAYLSON, J.                                                                OCTOBER 7, 2022

### I.       RELEVANT FACTS AND PROCEDURAL HISTORY

In this case, Plaintiff Leslie Rivera alleges she suffered bodily injury after being struck by a United States Postal Service vehicle.  On August 21, 2021 her lawyers filed a complaint in Philadelphia's Court of Common Pleas alleging negligence by USPS and the alleged operators of the USPS vehicle, claims that are all subject to the provisions of the Federal Tort Claims Act. Defendants filed a notice of removal pursuant to 28 U.S.C. § 1442(a)(1) on July 28, 2022, which Plaintiff did not oppose with a motion for remand.  Defendants then filed on August 3, 2022 this Motion to Dismiss for Lack of Subject-Matter Jurisdiction along with a Motion to Substitute the United States as a party, Plaintiff filed a Response and Defendants a subsequent Reply.

For the reasons set forth herein, the Court GRANTS Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction with prejudice as to Plaintiff's right to assert claims against the Defendants in this or any other action, but without prejudice as to Plaintiff's right, if any, to bring such claims against the United States, and the Court DENIES Defendants Motion to Substitute as MOOT.

1

## II.   <u>LEGAL STANDARD</u>

In considering a motion to dismiss under <u>Rule 12(b)(6)</u>, the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." <u>Warren Gen. Hosp. v. Amgen, Inc.</u>, 643 F.3d 77, 84 (3d Cir. 2011) (internal quotations and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

Although a court must accept as true all factual allegations contained in a complaint, this requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. <u>Iqbal</u>, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id</u>. (citing <u>Twombly</u>, 550 U.S. at 555); <u>see also</u> <u>Phillips v. Cty. of Allegheny</u>, 515 F.3d 224, 232 (3d Cir. 2008) (citing <u>Twombly</u>, 550 U.S. at 556 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.")). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556).

## III.   <u>ANALYSIS</u>

Filing these kinds of suits in state court appears to be a not uncommon procedural error among federal tort claimants—fearing both a statute of limitations lapse while waiting for an administrative decision on their tort claim on the one hand <u>and</u> a dismissal for failure to exhaust administrative relief on the other, claimants file their tort suit in state court, where the case is

naturally removed to federal court.  28 U.S.C. § 1442(a)(1) ("A civil action . . . that is commenced in a State court . . . against or directed to any of the following may be removed by them to the [federal] district court . . . any agency [] or any officer [] of the United States . . . in an official or individual capacity. . . .").  From there, the case is dismissed for lack of subject-matter jurisdiction under the doctrine of "derivative jurisdiction"—state courts do not have jurisdiction over FTCA claims, and federal district courts may not exercise jurisdiction where the state court also lacked subject-matter jurisdiction over the case when it was filed.  28 U.S.C. § 2679(b)(1); Lambert Run Coal Co. v. Baltimore & O.R. Co., 258 U.S 377, 382 (1922) ("The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction.  If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none").

Despite the dismissal, the claimant is usually still able to take another bite of the apple by filing a new complaint in federal court.  Selvaggio v. Horner, 42 F.Supp.3d 732, 735 (E.D. Pa. 2014) (Bartle, J.) ("This ruling is without prejudice to the right of the plaintiff . . . to file a timely action against the United States in this court under the FTCA").  There are other examples from this district that roughly follow this formula.  See, e.g., Gordon v. Mia, No. 22-2424, 2022 WL 3448745 (E.D. Pa. Aug. 17, 2022) (Quiñones, J.) (substituting United States as party while dismissing claim against USPS employee without prejudice for lack of subject-matter jurisdiction pursuant to derivative jurisdiction doctrine); Order, London v. United States Postal Service, No. 18-1390, (E.D. Pa. June 27, 2018), ECF No. 5, (Sanchez, C.J.) (dismissing with prejudice as to claims against USPS but without prejudice as to claims against the United States); Order, Bartosiewicz v. Smith, No. 17-3723 (E.D. Pa. Oct. 19, 2017) (Brody, J.) (substituting United States as party while dismissing claims against USPS and remanding state-law claims).

This case is no different.  Plaintiff filed a tort claim in state court against a federal agency and its employees, which a state court has no jurisdiction to adjudicate.[1]  See Selvaggio, 42 F.Supp.3d at 734 ("Such claims against the United States are within the exclusive jurisdiction of the federal courts under the Federal Tort Claims Act").  Defendants removed the case under 28 U.S.C. § 1442(a)(1), which permits removal of actions in state court brought against a federal agency or employee.  "When a case is removed under § 1442(a)(1), the jurisdiction of the federal court is derivative of that of the state court. . . . If the state court lacked subject matter jurisdiction, the federal court lacks jurisdiction even if the federal court would have had jurisdiction had the action been initiated in this forum."  Id. (citing Lambert Run Coal Co., 258 U.S. at 382); see also Calhoun v. Murray, 507 Fed.App'x. 251, 256 (3d Cir. 2012) ("[T]he doctrine arguably still applies to removals . . . pertaining to federal officers").  Accordingly, this Court does not have subject-matter jurisdiction over the claim, and therefore the claim must be dismissed under F.R.C.P Rule 12(b)(1).  However, this ruling is without prejudice as to Plaintiff's valid claims, if any, against the United States arising from these facts.  Selvaggio, 42 F.Supp.3d at 734 (dismissal does not prevent Plaintiff from bringing "a separate action against the United States in this court under the FTCA").

Because this Court does not have subject-matter jurisdiction to hear this case, it cannot consider at this time Plaintiff's and Defendants' arguments as to the validity of Plaintiff's claims, the timeliness of Plaintiff's filing, or whether Plaintiff properly exhausted administrative remedies.

---

[1] 28 U.S.C. § 2679(b)(1):  The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

Likewise, Defendant's Motion to Substitute the United States as a party is moot.  An appropriate order follows.